### PEOPLE v. GRACEFFO.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1911.)

1. INTOXICATING LIQUORS (§ 197*)—OFFENSES—INDICTMENT.

Under Liquor Tax Law (Consol. Laws 1909, c. 34) § 30, prohibiting the keeping open of entrances to saloons, etc., while sales are forbidden, an indictment charging that on a Sunday defendant opened a saloon where intoxicants were kept for sale by defendant and another sufficiently charges defendant as a principal, and hence charges an offense which may be prosecuted by indictment, and of which the County Court has jurisdiction.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 216; Dec. Dig. § 197.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CRIMINAL LAW (§ 968*)—MOTION IN ARREST—SCOPE OF REMEDY.

Under Code Cr. Proc. §§ 331, 467, motion in arrest lies only on the ground that the court is without jurisdiction of the subject-matter or that the indictment does not charge an offense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2423-2444; Dec. Dig. § 968.*]

Appeal from Cayuga County Court.

Joseph Graceffo was convicted of violating the liquor tax law, and the People appeal from an order in arrest of judgment. Reversed and remitted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Albert H. Clark, Asst. Dist. Atty., for the People.

Oscar Tryon, for respondent.

SPRING, J. The grand jury of Cayuga county in May, 1910, found an indictment against the defendant, charging him with violating subdivision "g" of section 30 of the liquor tax law. The trial of the indictment was transferred to the County Court, and after a verdict of guilty the court, upon motion of the defendant, granted an order in arrest of judgment, on the ground that the County Court did not have jurisdiction over the subject of the indictment.

Section 30 of the liquor tax law prohibits "any person," whether he has paid the prescribed tax or not, from doing certain acts specifically set forth in separate subdivisions of the section. Among these is subdivision "g," which reads as follows:

"To have opened or unlocked any door or entrance from the street, alley, yard, hallway, room or adjoining premises to the room or rooms where any liquors are sold or kept for sale during the hours when the sale of liquors is forbidden, except when necessary for the egress or ingress of the person holding the liquor tax certificate authorizing the traffic in liquors at such place, or members of his family, or his servants, for purposes not forbidden by this chapter; or to admit to such room or rooms any other persons during hours when the sale of liquor is forbidden."

There are two counts in the indictment against the respondent. The first charges him on a Sunday, at the time and place specified, with having "unlawfully opened and caused to be opened," following the language of the subdivision quoted, the door, which was the entrance from the street, to a room where liquors were sold and kept "by said defendant and one Antonino Graceffo." The second count accuses the defendant with having "admitted" at the same time certain named persons into said room, "not being members of the family of Antonino Graceffo, who held the liquor tax certificate for said place," and who were not of the family of the defendant, or the servants of either him or the holder of the tax certificate.

As will be noted, the violation of the statute is made when "any person" commits the acts constituting the offense, and he may not be the holder of the tax certificate or in his service. The question is: What court has jurisdiction of the offense? If the defendant is a stranger to the certificate holder, he may come within the condemna-

tion of subdivision "g" of section 30, and be guilty of a misdemeanor, only the offense may not be indictable. On the other hand, if he is interested in the business, or in the service of the holder of the tax certificate, a severer punishment may be imposed, and he may be indicted.

[1] In the first count of the indictment the charge is that the defendant caused the entrance door to the saloon described to be opened and unlocked, "and at the place aforesaid were certain strong and spirituous liquors, which were then and there sold and kept for sale prior to and on said day *by said defendant* and one Antonino Graceffo." Keeping in mind that the sufficiency of the indictment is challenged as on a demurrer to it, we have the distinct averment that the defendant, with Antonino Graceffo, at the time and place the offense was alleged to have been committed, was keeping and selling liquors. To be sure, it does not allege whether as an agent of or as a principal with Antonino. It is of no importance in which capacity. The charge is distinct that he sold and kept the liquors, and that is a sufficient averment of his pecuniary interest in the business. Within the scope of that allegation, proof would have been competent to establish that he was in fact part owner of the liquors sold and kept in the saloon at that time. It is not claimed that, if he was part owner of this business, or pecuniarily interested in it, he would not be chargeable as principal, and would not be liable to indictment for the offense of which he was convicted.

The counsel for the respondent seems to be of the opinion that the defendant was the employé or agent of the certificate holder. There is no allegation of that import in the indictment. Section 35, however, provides:

"Any clerk, agent, employé or servant shall be equally liable as principal for any violations of the provisions of this chapter."

We are not passing upon the offense of a person who is not interested in the business or in the employ of the certificate holder. We simply hold that, as the charge in the indictment is against the defendant as principal, the offense was an indictable one.

[2] The motion in arrest of judgment was made and granted only on the ground that the court did "not have jurisdiction over the subject of the indictment." The only other ground upon which such a remedy can be taken is that the facts stated in the indictment do not constitute a crime. Code of Criminal Procedure, §§ 331 and 467; People v. Jackson, 191 N. Y. 293, 297, 84 N. E. 65, 15 L. R. A. (N. S.) 1173.

Neither the evidence nor the charge of the court is contained in the record. It may be that the case was submitted to the jury only on the second count of the indictment, or that the evidence without objection showed facts covering the exception in subdivision "g" of section 30, so that the alleged vice in the indictment may have been cured. In view of these circumstances, we do not feel justified in considering the sufficiency of the indictment on this appeal.

The order should be reversed.

Order reversed, and case remitted to the County Court. All concur.